UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

**BETH ANNE HOLCOMB**
    Plaintiff          Case No.

v.

**RUSSELL COLLECTION**
**AGENCY, INC., MERCHANTS**
**& MEDICAL CREDIT**
**CORPORATION, INC., AND**
**ASCENSION GENESYS**
**HOSPITAL**
    Defendants

---

### I. Introduction

1. This case concerns substantial harassment from repeated and continuous phone calls and other attempts to collect a debt made to plaintiff related to bills she did not incur or owe.

### II. Jurisdiction

2. This Court has jurisdiction because Plaintiff claims violations of the Fair Debt Collection Practices 15 U.S.C. 1692k(d) as well as supplemental or ancillary jurisdiction for state law claims related to the same set of violations under different but similar laws.

3. Venue in this district is proper because the pertinent events took place here in the Eastern District of Michigan where plaintiff resides and where defendants do business.

### III. Parties

4. Plaintiff, Beth Anne Holcomb is an individual who resides in Clio, Genesee County, Michigan.

5. Defendant, Ascension Genesys Hospital, ("Genesys") is a Michigan corporation doing business in the Genesee County, Michigan and is a regulated person as that term is defined by MCL 445.251(g)(i) because it employs individuals who collect debts in the name of Defendant

and because it is a business

6. Defendant Russell Collection Agency, Inc. is a debt collection agency, doing business in Genesee County and other counties in Michigan, that is regulated under the Michigan Occupational Code MCL § 339.901 et. seq. is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and is a collection agency as that term is defined by the MCL § 339.901(b).

7. Defendant Merchants & Medical Credit Corporation, Inc. is a debt collection agency that does business in Genesee County and other countries in Michigan, that is regulated under the Michigan Occupational Code MCL § 339.901 et. seq. is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and is a collection agency as that term is defined by the MCL § 339.901(b).

### IV. Facts

8. On or about January 9, 2019 Plaintiff had an outpatient procedure performed at Genesys, in Grand Blanc, Genesee County, Michigan.

9. On that date, Plaintiff heard a woman's name called out over the loudspeaker

10 The name that Plaintiff heard was Shawna Hansen.

11. Then about 15 minutes later Plaintiff was called over the same loudspeaker.

12. The procedure, one incurred primarily for personal, family or household purposes was then performed and Plaintiff left Defendant Genesys medical center.

13. About two weeks after the surgery, Plaintiff received a bill from R1 and opened up the bill.

14. After opening the bill, Plaintiff couldn't understand it because the information was not consistent and didn't make sense to her.

15. Plaintiff then saw the name "Shawna Hansen" and realized she had been sent another

person's bill that was, on information and belief, incurred primarily for personal, family or household purposes.

16. On February 9, 2018, Plaintiff then called the 1-800 number on the bill which connected her to Genesys.

17. Genesys then said to put the letter back in the envelope and label it "return to sender".

18. Plaintiff put it in another envelope labeling it "Return to Sender"

19. On February 13, 2019, Plaintiff received bills from R1, American Anesthesology, and Pathology Consultants and initially opened up one of the envelopes.

20. After opening one, Plaintiff realized that again, she was sent more of Shawna Hansen's bills.

21. Plaintiff then marked those "Return to Sender" and put them in the mail.

22. Plaintiff then began making several phone calls to R1 which was really phone calls to Genesys.

23. On February 20, 2019, Plaintiff spoke to Tammy who requested Plaintiff's social security number and confirmed that the bills had been mixed up.

24. Plaintiff, over a two-hour period described the issues occurring and Tammy attempted to fix the issue providing Plaintiff a reference case number 1001472334.

25. On February 21, 2019 Plaintiff called Genesys to speak to Tammy but was told no one by the name of Tammy worked there.

26. Plaintiff informed the representative that she had been given a reference number and provided it to the representative.

27. The person told Plaintiff that she would get back to her.

28. Plaintiff continued to call the other entities that had sent her bills.

29. On March 5, 2019, Plaintiff told her doctor about the issue who advised her to go to the hospital where she met Ashley Weaver, Patient Relations Coordinator.

30. Plaintiff was directed to Stacey Best's office in Radiology/Billing.

31. Ms. Best said that she had gotten an email about the matter and she didn't pay it any mind and laughed about it telling Plaintiff that she didn't have time for it.

32. Ms. Weaver told Plaintiff that she needed to call Corporate Compliance but the number she gave Plaintiff was not correct or didn't exist.

33. On March 6, 2019, Plaintiff picked up her records from Genesys.

34. Plaintiff spoke with Ashley Weaver who told her she was trying to find someone to speak with .

35. On March 9, 2019, Plaintiff got another bill from Pathology Consultants addressed to Shawna Hanson.

36. On March 11, 2019 Plaintiff then received a bill from Cox Health, a medical bill for $15.60.

37. On or about March 21, 2019, Plaintiff started receiving many phone calls from billing companies trying to collect for Shawna Hanson's bill.

37. Despite having informed the entities about the billing mix-up, the calls made were from the same entities.

38 On March 23, 2019 Plaintiff called Ashley Weaver and told her that the incorrect billing had not stopped and that she had started getting phone calls.

39. Plaintiff asked to meet with Ms. Weaver to give her copies but she declined.

40. Ms. Weaver did nothing to help out.

41. On March 29, 2019, Plaintiff sent letters to Kristine Roth and Ashley Weaver by certified

4

mail and were received on April 8, 2019 and April 11, 2019.

42. Plaintiff later learned that Ms. Roth was in charge of HIPAA violations.

43. On April 8, 2019 at about 4:00 pm Plaintiff received a call from Bonnie Jamieson who scolded Plaintiff for accidentally opening up others mail.

44. Ms. Jamieson sent Plaintiff a large envelope to allow her to return all of the mail that had come with Shawna Hanson's name on it.

45. On April 11, 2019 Plaintiff immediately put all the documents in the mailer and sent the letters out.

46. The calls from the billing company continued relentlessly.

47. On April 11, 2019 Plaintiff received more than thirteen phone calls in one day, all from billing companies, including even Genesys, trying to collect Ms. Hansen's debt.

48. At one point in time, plaintiff was receiving consistent calls from 14 different phone numbers all related to a debt that she didn't owe.

49. Over the next few months Plaintiff received over 130 phone calls about a debt she didn't owe.

50. Plaintiff received two collection letters from Russell Collection Agency, Inc. to attempt to collect a debt that she didn't owe.

51. Plaintiff received calls from a variety of entities including but not limited to Merchants & Medical, Russell Collection Agency, Inc., Genesys and many doctor's offices.

52. Some of the calls were telemarketers trying to sell things but most were creditors or debt collectors.

53. On July 31, 2019, Plaintiff published a notice in the Genesee County Herald stating "Att: Genesys Ascension 1 Genesys Parkway Grand Blanc, Michigan 48439 Notice for Response

HIPAA violations causing harm to one's personal information, health and security. Please respond to patient within 30 days. B. Holcombe 2311 East Dodge Rd. Clio, MI 48420."

54. The constant calls, letters, and disruptions caused plaintiff to incur costs of mailing, costs of publication, suffer humiliation, indignation, anxiety, stress, inconvenience, increased her blood pressure causing her to increase medication and increased dosages of other medications, aggravated colitis, loss of time from the calls, and mailing of letters, and caused disputes with her ex-husband because the calls were interfering with the business he was running.

55. On information and belief, plaintiff's medical bills were sent to Shawna Hansen as well as health providers without her consent.

## COUNT I
## REGULATION OF COLLECTION
## PRACTICES ACT MCL § 445.251 et. seq.
## (DEFENDANT GENESYS)

56. Plaintiff incorporates all paragraphs in this complaint by reference.

57. Defendant, Genesys, is a "regulated person" as that term is defined by MCL § 445.251(g)(i) because it employs individuals who work for it and who collects debts on behalf of it.

58. Defendant is also a "regulated person" as that term is defined by MCL § 445.251 (g)(vii) because it is licensed under the regulatory loan act that at least in part regulates collection activity.

59. Plaintiff is a "person" as that term is defined by MCL § 445.251 (f) because she is a natural person that was obligated or allegedly obligated to pay a debt.

60. Defendant conveyed information regarding an alleged debt directly or indirectly to plaintiff when it sent letters, caused letters to be sent, made phone calls and caused phone calls to be made to her because defendant believed she owed it.

61. Defendant violated MCL § 445.252(e) because defendant made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect an alleged debt when it represented to plaintiff that defendant had the legal right to ask for money for services not provided to her and because it was attempting to bill for monies she didn't owe.

62. Defendant violated MCL § 445.252(n) used a harassing, oppressive, or abusive method to collect an alleged debt when it caused others to contact plaintiff or when it contacted plaintiff even though neither party had the legal right to ask plaintiff for payment of these particular alleged debts.

63. Defendant violated MCL § 445.252(f)(ii) when it misrepresented in a communication with a debtor and when it caused other entities to misrepresent in a communication with plaintiff the legal rights of the creditor and debtor by asserting plaintiff was liable for bills not incurred or owed by her.

64. The above violations were willful because Defendant received multiple notices in writing, by phone, and by general publication but continued collection activity and did not cease and desist in a timely manner and did not have proper policies or procedures in place to 1) stop the mix-up in billing from continuing to occur, 2) prevent the mix-up in billing in the first place, and 3) to correct the mix-up in a timely manner and alert others that they had previously notified to stop collection in a timely manner.

65. Plaintiff suffered loss as a result of defendant's acts or omissions.

66. Plaintiff seeks the greater of a minimum of three times actual damages under MCL § 445.257(2) or $50 per violation or $150 per willful violation of the MRCPA, plus costs and attorney fees.

**Wherefore,** plaintiff seeks the greater of a minimum of five times actual damages plus costs and attorney fees or $50.00 per violation or $150.00 per willful violation plus costs and attorney fees.

## COUNT II
### VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE
### MCL 339.901 et. seq.
### (DEFENDANTS M&M AND RUSSELL)

67. Plaintiff incorporates all paragraphs in this complaint by reference.

68. Defendants are "collection agencies" as that term is defined by MCL § 339.901(b) because it employs individuals who work for it and who collects debts on behalf of it.

69. Defendants conveyed information regarding an alleged debt directly or indirectly to plaintiff when both sent letters and/or made phone calls related to an alleged obligation to plaintiff.

70. Defendants violated MCL § 339.915(e) because defendants made an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect an alleged debt when it represented to plaintiff that defendant had the legal right to ask for money for services not provided to her and because they were attempting to bill for monies she didn't owe.

71. Defendants violated MCL § 339.915(n) by using a harassing, oppressive, or abusive method to collect an alleged debt when they contacted plaintiff to collect these particular alleged debts not owed by plaintiff.

72. Defendants violated MCL § 339.915(f)(ii) when they misrepresented in a communication with plaintiff, an alleged debtor, the legal rights of the creditor or plaintiff by asserting plaintiff was liable for bills not incurred or owed by her.

73. The above violations were willful because Defendants were noticed by phone but continued collection activity and did not cease and desist in a timely manner and did not have proper policies or procedures in place to 1) stop the mix-up in billing from continuing to occur,

2) and to correct the mix-up in a timely manner and 3) inform the original creditor of the issues and disputes.

74. Plaintiff suffered loss as a result of the wrongful communications.

75. Plaintiff seeks the greater of a minimum of three times actual damages under MCL § 339.916(2) or $50 per violation or $150 per willful violation of the MRCPA, plus costs and attorney fees.

> **Wherefore,** plaintiff seeks the greater of a minimum of five times actual damages plus costs and attorney fees or $50.00 per violation or $150.00 per willful violation plus costs and attorney fees against each defendant.

## COUNT III
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. 1692 et. seq.
## (DEFENDANTS M&M AND RUSSELL)

76. Plaintiff incorporates all paragraphs in this complaint by reference.

77. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

78. Defendants violated 15 U.S.C. § 1692 e (10) when it's agent falsely represented directly or indirectly to plaintiff that she was liable for a debt that she didn't incur and she didn't owe.

79. Plaintiff was damaged as a result of Defendant's acts because the representations by defendant were false and Plaintiff had been subjected to a number of collection attempts from the instant defendants as well as other medical billing companies.

80. The most recent attempt to collect a debt was within the past year.

81. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §

1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3)

from each and every Defendants herein.

> **Wherefore,** plaintiff seeks the actual damages, statutory damages of $1,000.00 plus costs and attorney fees as mandated by 15 U.S.C. 1697 against each defendant.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 31, 2019 | *Andrew L. Campbell* |
|  | Andrew L. Campbell<br>1000 Beach St, Suite B<br>Flint, MI 48502<br>(810) 232-4344<br>hundy24@yahoo.com<br>P64391 |
|  | Attorney for Plaintiff |