UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BETH ANNE HOLCOMB,

    Plaintiff,                                                                              No. 19-13212

v.                                                                                      Hon. Nancy G. Edmunds

ASCENSION GENESYS HOSPITAL, *et al.*,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S REQUEST TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S REMAINING STATE LAW CLAIM [21], AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO AMEND [26]**

On October 31, 2019, Plaintiff Beth Anne Holcomb brought a three-count complaint against three defendants. (Dkt. 1.) Plaintiff alleged that Defendant Ascension Genesys Hospital ("Ascension") violated the Michigan Regulation of Collection Practices Act (Count I) and that Defendants Russell Collection Agency, Inc. ("Russell") and Merchants & Medical Credit Corporation, Inc. ("M&M") violated the Michigan Occupational Code (Count II) and the Fair Debt Collection Practices Act ("FDCPA") (Count III). The Court's jurisdiction was based upon the existence of a federal question (the FDCPA claim). A few months later, however, Plaintiff voluntarily dismissed her case, including the sole federal claim, against Defendants Russell and M&M. (Dkts. 7, 9.) Thus, the only claim that remains in this case is the state law claim set forth in Count I of Plaintiff's complaint. The matter is now before the Court on Defendant Ascension's motion to dismiss, urging the Court to decline to exercise

1

supplemental jurisdiction over the state law claim or, alternatively, enter a judgment on the pleadings in its favor.[1] (Dkt. 21.) Plaintiff opposes the motion. (Dkt. 25.) She argues the Court should continue to exercise supplemental jurisdiction over her state law claim. Plaintiff also argues that her state law claim survives Defendant's motion, but, alternatively, seeks leave to amend her complaint to cure any deficiencies in her pleadings. (*See* dkt. 26.)

Once all claims over which a federal court has original jurisdiction have been dismissed, the Court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (describing this decision as "purely discretionary"). In deciding whether to retain jurisdiction over state law claims, a district court should consider the "'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "'When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . .'" *Id.* at 952 (quoting *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)).

Here, Plaintiff argues that judicial economy favors the exercise of supplemental jurisdiction over her remaining state law claim. The Court disagrees. Plaintiff

---

[1] Defendant's motion is titled as one brought pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, under Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim. Because the Court has the discretion to exercise supplemental jurisdiction over any pendant state law claims, Defendant's request for the Court to decline to exercise that discretion is not properly the subject of a motion to dismiss for lack of jurisdiction.

voluntarily dismissed her case against two of the three defendants during an early stage of the litigation, discovery is not due until September of this year, and the trial in this matter is not scheduled until January 2021. Moreover, analyzing the state law claim in this case would not be a wise application of federal judicial resources. In sum, the balance of considerations in this case weighs in favor of dismissing the remaining state law claim.

For the foregoing reasons, Defendant's motion is GRANTED to the extent it asks the Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claim, and this claim is DISMISSED WITHOUT PREJUDICE. Because the Court is dismissing Plaintiff's state law claim, the Court need not address Defendant's motion, brought in the alternative, for a judgment on the pleadings. Plaintiff's motion for leave to file an amended complaint is also DENIED as moot.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 9, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager